IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01234-PAB

MANPREET SINGH,

 Petitioner,

v.

TODD BLANCHE,[1] in his official capacity as Acting Attorney General of the United States,
MARKWAYNE MULLIN,[2] in his official capacity as Secretary of the Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement, and
JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,

 Respondents.

---

**ORDER**

---

  This matter comes before the Court on petitioner Manpreet Singh's Petition for Writ of Habeas Corpus and Request for Order to Show Cause [Docket No. 1]. Respondents filed a response. Docket No. 7.

## I. BACKGROUND[3]

  Petitioner is a 33 year old citizen of India. Docket No. 1 at 6, ¶ 24. Petitioner entered the United States on December 31, 2024 and was detained.[4] *Id.* at 7, ¶ 29;

---

  [1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted as a party in this action.
  [2] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted as a party in this action.
  [3] The following facts are undisputed unless otherwise noted.
  [4] Petitioner does not allege the exact date that he was initially detained in his habeas petition. *See generally* Docket No. 1. However, petitioner attaches a document

Docket No. 1-9 at 2.  On January 1, 2025, he was given a Notice and Order of Expedited Removal.  *Id.*, ¶ 30.  On January 31, 2025, petitioner was issued a Notice to Appear, charging him as a noncitizen present in the United States who has not been admitted or paroled, and vacating the prior Notice and Order of Expedited Removal.  *Id.*, ¶ 31.  On February 4, 2025, petitioner was released on his own recognizance pursuant to 8 U.S.C. § 1226(a).  *Id.* at 8, ¶¶ 32-33.  Petitioner applied for asylum, withholding of removal, and protections under the Convention Against Torture.  *Id.*, ¶ 34.  On December 20, 2025, petitioner was detained during a scheduled appointment with Immigration and Customs Enforcement ("ICE").  *Id.*, ¶ 35.  From the time of his initial release on recognizance to his current detention, petitioner committed no criminal offenses, incurred no new immigration violations, and remained in compliance with all reporting requirements.  *Id.*, ¶ 36.  Petitioner is detained at the Denver Contract Detention Facility.  *Id.*, ¶ 38.

On March 24, 2026, petition filed a petition for writ of habeas corpus.  *See generally id.*  Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a), and that he is thus entitled to release or a bond hearing.  *Id.* at 14-18, ¶¶ 57-68.  Alternatively, petitioner argues that his parole was unlawfully revoked.  *Id.* at 18-22, ¶¶ 69-81.  On March 30, 2026, an immigration judge denied petitioner's applications for asylum and withholding and his application for relief under the Convention Against Torture.  Docket No. 7 at 2.  However, petitioner is not yet subject to a final order of removal.  *Id.* at 2-3.

---

to his habeas petition stating that petitioner was apprehended on December 31, 2024. Docket No. 1-9 at 2.  The Court therefore presumes that petitioner was detained upon entering the United States.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  Docket No. 1 at 14-18, ¶¶ 57-68; Docket No. 7 at 3-7. Petitioner contends that his detention is controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of noncitizens, like petitioner, who previously entered and are now residing within the United States.  Docket No. 1 at 10, ¶ 46.  Because he believes that § 1226 applies, petitioner argues that respondents must either release him or provide him with an individualized bond hearing.  *Id.* at 24, ¶ 86.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States and have not been admitted."  Docket No. 7 at 5. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.[5]  *Id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See Cruz v. Noem*, No. 26-cv-00312-PAB-NRN, 2026 WL 766689, at *2 (D. Colo. Mar. 18, 2026); *Moncada-Hernandez v.*

---

[5] Respondents also argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) because, upon being re-detained, his status "reverted back to the status he previously held: an applicant for admission subject to mandatory detention under § 1225(b)."  Docket No. 7 at 3.  Respondents, however, do not explain why they believe petitioner was previously held under § 1225(b).  Petitioner submits evidence indicating the opposite, that he was released "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act."  Docket No. 1-10 at 2.  "Section 236 of the INA is codified as amended at 8 U.S.C. § 1226."  *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *1 (D. Colo. Jan. 6, 2026).  Thus, the Court finds that petitioner was initially detained pursuant to § 1226, not § 1225(b).  Moreover, even if petitioner was initially detained pursuant to § 1225(b), that does not necessarily mean petitioner is detained pursuant to § 1225(b) upon his re-detention.  *See Rafibaev v. Noem*, No. 26-cv-00461-PAB, 2026 WL 607559, at *3-5 (D. Colo. Mar. 4, 2026).

*Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  Docket No. 7 at 6.  Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondents' rights including the right to appeal."  *Id.* at 4.  Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit.  *Id.* at 5 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)).  "Respondents acknowledge that until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  *Id.* at 5-6.  Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.  *Id.* at 6.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025). Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case. Docket No. 7 at 4. Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[6]

## III.  CONCLUSION

Therefore, it is

**ORDERED** that petitioner Manpreet Singh's Petition for Writ of Habeas Corpus and Request for Order to Show Cause [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order. It is further

---

[6] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's other claims. *See Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

ORDERED that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED April 7, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge